*ULMAN, EINSTEIN & CO. v. EFFINGER.

**N. J.** and **J. S. McLean,** for plaintiff in error.

**P. J. Collins,** for defendant in error.    -

ADAMS, J.

First. A judgment may be set aside for fraud notwithstanding the fact that no defense was made at the time it was rendered, although the defendant was properly served with summons by copy thereof left at her usual place of residence.

Second. A judgment procured against a party on an account which she never owed, nor, became either directly or indirectly liable for its payment, constitutes a fraud on the court ·rendering such judgment, which should be set aside in a proper proceeding brought for that pur-·pose.          ·            -

---

*Affirmed by the Supreme Court, 'without report, *Einstein & Co.* v. *Efinger*, ·60 Ohio St. 579.

Stark County.

Third.   An averment in a petition that goods or merchandise were·
sold to a husband, and that afterwards and before suit is brought to re-
cover the price thereof, the plaintiffs inserted the name of the wife of
such husband in said account, and without her knowledge or consent, is
a sufficient averment of fraud to constitute a cause of action and a de-
murrer to such petition and pertinent interrogatories attached thereto is.
properly overruled.

**Pomerene** and **Douglass, JJ.,** concur.